UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DELMA GANTT                                                                                    Plaintiff

v.                                                                        Civil Action No. 3:22-cv-200-RGJ

RELIANCE STANDARD LIFE
INSURANCE COMPANY                                             Defendant

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Defendant Reliance Standard Life Insurance Company ("Reliance Standard") moved to dismiss Plaintiff Delma Gantt's ("Gantt") Complaint for improper venue or in the alternative to transfer venue. [DE 6]. Gantt responded [DE 7], and Reliance Standard replied. [DE 8]. This matter is ripe. For the reasons below, the Court will **DENY** Reliance Standard's Motion to Dismiss [DE 6] and **GRANT** Reliance Standard's Motion to Transfer Venue. [DE 6].

**I.**      **BACKGROUND**

This action arises out of Gantt's claim for long-term disability benefits from an insurance policy issued by Reliance Standard. [DE 1 at 1]. Gantt alleges she Reliance Standard denied her benefits and she sued them for breach of contract under the Employment Retirement Income Security Act of 1974 ("ERISA"). [*Id.* at 1-6]. Reliance Standard now moves to dismiss Gantt's complaint under Fed. R. Civ. P. 12(b)(3) based on improper venue, or to transfer venue under 28 U.S.C. § 1404(a). [DE 6-1 at 19].

**II.**      **STANDARD**

Under Rule 12(b)(3), a defendant may move to dismiss an action because it was filed in an improper venue. Fed. R. Civ. P. 12(b)(3). Venue in an ERISA action is proper in any district "where the plan is administered, where the breach took place, or where a defendant resides or may

be found." 29 U.S.C. § 1132(e)(2). In cases under ERISA, a breach occurs where the benefits are to be received. *Keating v. Whitmore Mfg. Co.*, 981 F. Supp. 890, 892 (E.D. Pa. 1997); *Youngblood v. Life Ins. Co. of N. Am.*, No. 3:16-CV-34-TBR, 2016 WL 1466559, at *2 (W.D. Ky. Apr. 14, 2016) (citing *Keating*, 981 F. Supp. at 892). "A defendant 'resides or may be found,' for ERISA venue purposes, in any district in which its 'minimum contacts' would support the exercise of personal jurisdiction." *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 646 (6th Cir. 2006). "The minimum contacts standard, in turn, is satisfied when the defendant's contacts with the forum state are 'substantial' and 'continuous and systematic,' so that the state may exercise personal jurisdiction over the defendant even if the action does not relate to the defendant's contacts with the state." *Id.* (internal citations omitted).

But even where venue is proper, 28 U.S.C. §1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A decision on whether to transfer lies with the broad discretion of the trial court. *Bunting ex rel. Gray v. Gray*, 2 F. App'x 443, 448 (6th Cir. 2001). "Once challenged, Plaintiff bears the burden of showing that its initial choice of venue is proper." *Sechel Holdings, Inc. v. Clapp*, No. 3:12-CV-00108-H, 2012 WL 3150087, at *2 (W.D. Ky. Aug. 2, 2012) (citation omitted). "The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002).

When deciding whether to transfer a case, the Court first considers whether the action could have originally been filed in the transferee district. *Payment All. Int'l, Inc. v. Deaver*, No. 3:17-CV-693-TBR, 2018 WL 661491, at *5 (W.D. Ky. Feb. 1, 2018) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). If so, the court considers "whether on balance, a transfer would serve 'the

convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013) (citing 28 U.S.C. § 1404(a)).

Courts within the Sixth Circuit have identified nine factors that the Court should consider in making this determination. These factors include (1) convenience of witnesses; (2) location of relevant documents and relative ease of access to sources of proof; (3) convenience of the parties; (4) locus of the operative facts; (5) availability of process to compel the attendance of unwilling witnesses;( 6) relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight granted the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Pharmerica Corp. v. Crestwood Care Ctr., L.P.*, No. 3:12-CV-00511-CRS, 2013 WL 5425247, at *1 (W.D. Ky. Sept. 26, 2013). The moving party bears the burden of establishing that the balance of relevant factors weighs in favor of transfer. *Adams v. Honda Motor Co.*, No. CIV.A. 3:05CV120-S, 2005 WL 3236780 (W.D. Ky. Nov. 21, 2005). Although "the plaintiff's choice of forum should rarely be disturbed . . . unless the balance [of convenience] is strongly in favor of the defendant," *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947), the plaintiff's choice is not dispositive. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). Instead, the court's decision must be based on an "individualized, case-by-case consideration of convenience and fairness" that accords due consideration and appropriate weight to every relevant factor. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

### III.   DISCUSSION

#### i.   *Motion to Dismiss for Improper Venue*

The Court first considers whether venue is proper. Reliance Standard argues the Western District of Kentucky is an improper venue because there is no basis under ERISA that allows for

the case to be brought here. [DE 6-1 at 20-22].[1] The Complaint identifies no ground for venue here, other than stating that venue "is appropriate [here] pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391." [DE 1 at 1-2]. Gantt contends in response that, under ERISA, Reliance Standard "resides or may be found" in Kentucky. [DE 7 at 64-66]. To resolve this dispute, the Court considers whether Reliance Standard has minimum contacts with the state. *Moore*, 446 F.3d at 646.

> Gantt argues Reliance Standard has minimum contacts with the state of Kentucky because
>
> it frequently does business and defends itself in Kentucky . . . is an authorize [sic] insurer in Kentucky—as recognized by the Kentucky Department of Insurance [and is] registered to do business in Kentucky with the Secretary of State—with a registered agent for service of process being located in Frankfort, KY.

[DE 7 at 64-65]. Gantt attached Reliance Standard's Annual Filing with the Kentucky Secretary of State as evidence. [DE 7-2]. Reliance Standard does not meaningfully reply to this minimum contacts argument, beyond arguing that Gantt is not within the state of Kentucky and that she has not cited case law supporting her argument. [DE 8 at 98-99]. But for venue purposes and under this analysis, the Court is considering the minimum contacts of Reliance Standard and is unconcerned with Gantt's location.

Reliance Standard has not denied that it operates business within the Western District of Kentucky, nor could it. Reliance Standard was unresponsive to Gantt's claim that it often does and is registered to do business within Kentucky, including within this District, so the court considers these allegations admitted. Fed. R. Civ. P. 8(b)(6). The Court takes judicial notice of Reliance Standard's operations within this District as evidenced by Gantt's attachment, a business records search of the Kentucky Secretary of State's website, and other lawsuits Reliance Standard

---

[1] Although Counsel attached a Memorandum in support of their motion [DE 6-1], the Joint Local Rules for the Eastern and Western Districts of Kentucky contemplate a single, unified motion and memorandum. *See* Local Rule 7.1. In the future, Counsel is advised to file a unified motion.

has defended within this District. *See, e.g.*, *Bright v. Reliance Standard Life Ins. Co.*, No. 1:06CV25 R, 2006 WL 2802302 (W.D. Ky. Sept. 28, 2006) (plaintiff, insured by Reliance Standard and injured in Kentucky, sued Reliance Standard for denial of coverage related to the injury).[2] *See also* Fed. R. Evid. 201(b)(2) (taking judicial notice); *and* 1 Weinstein's Federal Evidence § 201.12 (2019) (same). The Court therefore finds that Reliance Standard has minimum contacts with the state of Kentucky, "resides or may be found" within this District, and that venue is thus proper here. *See Amos v. Aetna Life Ins. Co.*, No. 2:19-CV-202, 2019 WL 3773770, at *2 n. 1 (S.D. Ohio Aug. 12, 2019) (taking judicial notice of insurance company's operations within district, and concluding it "resides or may be found" in the district); *see also Coffey v. Hartford Life & Accident Ins. Co.*, No. 3:15-CV-378-TBR, 2016 WL 154128, at *1 (W.D. Ky. Jan. 12, 2016) ("To be sure, as a technical matter, venue lies in this District. But whether Ms. Coffey's lawsuit ought to stay here raises a different question that this Court will address below.") The Court thus **DENIES** Reliance Standard's Motion to Dismiss for Improper Venue. [DE 6].

    ii.    *Motion to Transfer for Convenience*

Reliance Standard argues in the alternative that this lawsuit should be transferred to the Eastern District of Pennsylvania or the Eastern District of Virginia—preferably the Eastern District of Pennsylvania—under the convenience statute, 28 U.S.C. § 1404. [DE 6-1 at 22-24; DE 8 at 104, n. 3]. In response, Gantt argues Reliance Standard has not met its burden under the convenience analysis, but that "the only choice Reliance Standard has identified that may be

---

[2] *See also* [DE 7 at 64, n. 17 (citing *Austin-Conrad v. Reliance Standard Life Ins. Co.*, No. CV 4:10CV-00127-JHM, 2015 WL 4464103, at *1 (W.D. Ky. July 21, 2015); *Lewis v. Reliance Standard Life Ins. Co.*, No. 1:05-CV-35-R, 2005 WL 3088542, at *1 (W.D. Ky. Nov. 16, 2005); *Pemberton v. Reliance Standard Life Ins. Co.*, No. CIV.A. 08-86-JBC, 2008 WL 4498811, at *1 (E.D. Ky. Sept. 30, 2008); *and Shepherd v. Reliance Standard Life Ins. Co.*, No. 4:06CV-83-M, 2007 WL 437732, at *1 (W.D. Ky. Feb. 6, 2007)].

applicable is the Eastern District of Pennsylvania." [DE 7 at 66-74]. Because of this, and because both parties focus their analyses on Pennsylvania, the Court does as well.[3]

In looking at a motion to transfer venue, the Court looks at not only whether this District is a proper venue, but also whether the Eastern District of Pennsylvania would be proper. Reliance Standard argues this is met because its administrative offices are located there. [DE 6-1 at 23]. Gantt does not directly address this argument. Venue is proper, and the case could have been brought in the Eastern District of Pennsylvania because Reliance Standard has administrative offices in Pennsylvania, and it thus "resides or may be found" there. 29 U.S.C. § 1132(e)(2); *see also, e.g.*, *Iron Workers Dist. Council of S. Ohio & Vicinity Annuity Tr. v. Larry N. Carlin, Inc.*, No. 3:17-CV-00165, 2017 WL 5054740, at *5 (S.D. Ohio Oct. 17, 2017), *report and recommendation adopted,* No. 3:17CV00165, 2017 WL 5005728 (S.D. Ohio Nov. 1, 2017) (defendant 'resides or may be found' for ERISA venue purposes in the district where its 'place of administration' was found).

The Court next turns to the relevant factors in determining "whether on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atlantic Marine Const. Co.*, 571 U.S. at 63. While Gantt's decision to litigate in this district is typically entitled to deference, it is significantly lessened, as here, when a "plaintiff chooses a forum that is not her home." *Hilbert v. Lincoln Nat. Life Ins. Co.*, No. 3:14-CV-565-JGH, 2015 WL 1034058, at *2 (W.D. Ky. Mar. 9, 2015). Notably, "[e]very meaningful event related to [this] lawsuit happened outside Kentucky." *Whitehouse v. Life Ins. Co. of N. Am.*, No. 3:15-CV-00639-TBR, 2015 WL 7587361, at *3 (W.D. Ky. Nov. 25, 2015). She filed her claim

---

[3] The Court notes Gantt's argument that Virginia is not an appropriate venue because she no longer resides there. [DE 7 at 61]. But because Gantt resided in Virginia at the time of the alleged breach (see below analysis), so venue could be appropriate there. 29 U.S.C. § 1132(e)(2). (Venue in an ERISA action is proper in any district "where the breach took place").

for benefits in Virginia.[4]  [DE 7 at 61].  Reliance Standard, whom Gantt alleges denied her claim, has administrative offices in Pennsylvania.  [DE 6-1 at 20].  And Gantt resided in Virginia.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981))).  The Court notes Gantt's assertion that the breach took place in Louisville Kentucky because her attorney is located there and she was thus "informed [] of the termination of her benefits" there.  [DE 7 at 64]. Again, however, this argument goes not to Gantt's location, but rather to her attorney's location, which the Court affords no weight.  *See Martha Hopkins v. Life Ins. Co. of N. Am.*, No. 315CV00375GNSCHL, 2015 WL 9244489, at *2 (W.D. Ky. Dec. 17, 2015) (plaintiff's address listed on her disability claim was "[p]resumably [where] she would receive payments").  Gantt's decision to file her case in this District is thus entitled to little weight, and the locus of operative facts supports transfer.

The convenience of the parties warrants a similar analysis, because "[c]onvenience is generally a matter of the parties' physical location in relation to the plaintiff's choice of forum." *Boiler Specialist, LLC v. Corrosion Monitoring Servs., Inc.*, No. 1:12-CV-47, 2012 WL 3060385, at *3 (W.D. Ky. July 26, 2012); *see also* § 3849 Standard in Considering Transfer—Convenience

---

[4] The parties disagree as to where Gantt is located ([DE 6-1 at 20 ("Plaintiff resided in Dale City, Virginia when the claim began.")]; [DE 7 at 61 ("Gantt no longer resides in Virginia")].  But Gantt does not dispute she filed for benefits while living in Virginia.  [DE 6-1 at 20; DE 7 at 61].  And only Reliance Standard submitted evidence, in the form of a supporting claim document, to support its position.  *See generally* [DE 6-2].  "[I]t is universally known that statements of attorneys are not evidence." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 852–53 (7th Cir. 2002).  Therefore, for purposes of this opinion, the Court treats Gantt as a resident of Virginia.  *See Whitehouse*, 2015 WL 7587361, at *3, n. 2 (on motion to transfer, on nearly identical disagreement on where plaintiff was located, accepting defendant's supporting claim document as evidence of plaintiff's residency).

of Parties, 15 Fed. Prac. & Proc. Juris. § 3849 (4th ed.) ("In determining the relative convenience of the different fora for each party, the court, not surprisingly, considers the residence of the parties."). Gantt is a resident of Virginia. [DE 6-2 at 26]. Reliance Standard's administrative offices are in Pennsylvania. [DE 6-1 at 20]. Gantt argues that Reliance Standard has home offices in Illinois and regularly does business in Kentucky, so this District is convenient for it, and that her attorney and supporting documents are located here, making Kentucky convenient for her. [DE 7 at 69]. Again, the Court affords no weight to the location of Gantt's attorney. Gantt, who chose Kentucky as her forum, does not reside in either Kentucky or Pennsylvania, and the convenience factor is thus neutral as applied to Gantt. *See Perry v. Metro. Life Ins. Co.*, No. 3:15-CV-884-TBR, 2016 WL 1181783, at *1 (W.D. Ky. Mar. 25, 2016). Because its administrative offices are in Pennsylvania, this district would be more convenient for Reliance Standard. *Int'l Union, U.A.W. v. Aluminum Co. of Am.*, 875 F. Supp. 430, 434 (N.D. Ohio 1995) ("Here there is no doubt that a transfer to the Western District of Pennsylvania would increase the convenience for Alcoa because its headquarters is located there" even where it "regularly conducts business" in the transferring court's district). This factor thus supports transfer.

The Court next considers the factors of ease of access to sources of proof, the convenience of witnesses, the availability of compulsory process, and the cost of obtaining willing witnesses' testimony. Reliance Standard argues that "the decision makers" and evidence are in the Eastern District of Pennsylvania where the administrative offices are. [DE 6-1 at 23]. Gantt argues that "the majority of relevant documents and proof is currently in Louisville, KY." [DE 7 at 70]. But unlike other civil cases, "the location of witnesses and evidence[] are often irrelevant in ERISA suits since these cases are typically decided on review of the administrative record." *Martha Hopkins*, 2015 WL 9244489, at *2. And that is the case here: the parties have identified no specific

8

relevant witnesses, evidence, or reason that this ERISA case is unique. *See Hilbert*, 2015 WL 1034058, at *2 (the first two factors "may become relevant . . . where it appears the plaintiff plans to assert claims and seek relief beyond the traditional ERISA § 502(a)(1)(B) claim for benefits."). Furthermore, the Court recognizes that in the modern era of photocopying, scanning, cell phones, email, overnight delivery services, etc., "the location of documents should be considered a neutral factor when deciding to transfer venue under § 1404(a)." *Oakley v. Remy Int'l, Inc.*, No. 2:09-0107, 2010 WL 503125, at *5 (M.D. Tenn. Feb. 5, 2010) (citation omitted). And Gantt's argument that the relevant evidence is in Kentucky is only accurate because her attorney is in Louisville. The Court affords no weight to the location of counsel in its analysis of these factors. *See e.g.*, *Whitehouse*, 2015 WL 7587361, at *3 (collecting cases and concluding "[t]he location of counsel, however, is irrelevant and improper for consideration in determining the question of transfer of venue." (citations omitted)). "Consequently, those factors are a wash." *Coffey*, 2016 WL 154128, at *3. But "should there be any discovery in this case, none of the witnesses would be in this District." *Id.* The only thus far 'identified' potential witnesses are Gantt, who is not in Kentucky or Pennsylvania, and "decision makers" who are in Pennsylvania. This factor thus slightly favors transfer to the Eastern District of Pennsylvania. Thus, on the above analysis, these evidence and witness factors slightly favor transfer.

The remaining factors, relative means of the parties, forum familiarity, and trial efficiency, favor neither venue. "But more to the point, the only pertinent public-interest factor tilts heavily toward transfer." *Coffey*, 2016 WL 154128, at *3. Gantt's arguments against transferring rest almost entirely on the fact that her attorney is in this District. [DE 7 at 66-73]. Kentucky's sole connection to this case appears to be that Gantt's counsel is in Kentucky and chose to sue in the Western District where his office is located. But as repeated multiple times throughout this order,

9

counsel's location is afforded no weight in the Court's analysis of these factors. *Hilbert*, 2015 WL 1034058, at *2 (discussing that where the only connection to the district is plaintiff's counsel, it raises concerns of forum-shopping); *Whitehouse*, 2015 WL 7587361, at *3 (collecting cases). Thus, the public interest favors transfer to the Eastern District of Pennsylvania.

Based upon the foregoing analysis, the Court finds the standard for transfer pursuant to 28 U.S.C. § 1404(a) is met and it is in the interest of justice to transfer venue for the convenience of parties. The Court thus **GRANTS** Reliance Standard's Motion to Transfer Venue [DE 6].

### IV.     CONCLUSION

Accordingly, the Court being otherwise sufficiently advised, **IT IS ORDERED AND ADJUDGED** that Reliance Standard's Motion to Dismiss [DE 6] is **DENIED**, Reliance Standard's Motion to Transfer Venue [DE 6] is **GRANTED**, and this action is **TRANSFERRED** to the United States District Court for the Eastern District of Pennsylvania for all further proceedings. The clerk shall transfer the action.

Cc:     Counsel of record